JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Fernstermaker, Michael and Fernstermaker, Diane (h/w)

**DEFENDANTS**
North American ATK Corporation 1102 West North Carrier Parkway, Suite 100 Grand Prairie, TX 15050 and LKQ Corporation 500 West Madison Street, Suite 2800 Chicago, IL 60661

**(b)** County of Residence of First Listed Plaintiff    Berks County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Dallas County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Peter M. Patton, Esquire Galfand Berger, LLP
1835 Market Street, Suite 2710
Philadelphia, PA 19103 (215) 665-1600

Attorneys *(If Known)*
James G. Lare, Esquire MDWCG 2000 Market Street, Suite 2300
Philadelphia , PA 19103 (215) 575-2717

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |

*(Full Nature of Suit section as printed:)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☒ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1441 and 28 USC 1446
Brief description of cause:
Product Liability action

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
50,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER 121201084

DATE  1/14/2013

SIGNATURE OF ATTORNEY OF RECORD
*James Lare* (signature)

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2249 Moselem Springs Road, Fleetwood, PA 19522

Address of Defendant: 1102 West N Carrier Parkway Suite 100 Grand Prairie, TX 75050

Place of Accident, Incident or Transaction: Kutztown, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐   No☒

Does this case involve multidistrict litigation possibilities?      Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?      Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?      Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?      Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?      Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, James G. Lare , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____   _____Attorney-at-Law   201381 Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____Attorney-at-Law   201381 Attorney I.D.#

CIV. 609 (5/2012)

**ADDRESS OF ADDITIONAL DEFENDANT**

LKQ CORPORATION
500 WEST MADISON STREET, SUITE 2800
CHICAGO, IL 60661

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

FENSTERMAKER, MICHAEL and     :       **CIVIL ACTION**

FENSTERMAKER, DIANE (h/w)      :

            v.                  :

NORTH AMERICAN ATK CORP. and   :

LKQ CORP.                     :       **NO.**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)    Habeas Corpus-Cases brought under 28 U.S.C. §2241through §2255.         ( )

(b)    Social Security-Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.         ( )

(c)    Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)    Asbestos-Cases involving claims for personal injury or property damage from exposure to asbestos.         ( )

(e)    Special Management-Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)         ( )

(f)    Standard Management--Cases that do not fall into any one of the other tracks.      (x)

| January 14, 2012 | James G. Lare | Defendant |
|---|---|---|
| Date | Attorney-at-law | Attorney for |

| 215-575-2717 | 215-575-0856 | jglare@mdwcg.com |
|---|---|---|
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management of Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate of limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.
(e)      Nothing in this Plan is intended to supersede Local Civil Rules 3 or 7, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See § 1.02(e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions of potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| MICHAEL FENSTERMAKER and<br>DIANE FENSTERMAKER (h/w)<br><br>　　　　　　Plaintiffs<br><br>　　　v.<br><br>NORTH AMERICAN ATK CORPORATION, and<br>LKQ CORPORATION<br><br>　　　　　　Defendants | Case No. _____ -cv-_____ |

## NOTICE OF REMOVAL

Defendants, North American ATK Corporation and LKQ Corporation, hereby remove this civil action to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1441 and 1446 and, in support thereof, set forth a short, plain statement of the grounds for removal:

**A.    Procedural History**

1.    Plaintiffs, Michael Fenstermaker and Diane Fenstermaker, commenced this action against Defendants on December 10, 2012 by filing a Complaint in the Philadelphia Court of Common Pleas.  (*See* Ex. A: Compl.[1])

2.    The Complaint was served upon North American ATK Corporation via certified mail on December 17, 2012, and LKQ Corporation was served on December 18, 2012 via regular mail.

---

[1]     The copy of the Complaint attached as Exhibit A constitutes all process and pleadings served upon the Defendants.  28 U.S.C. § 1446(a).

1

**B.      Relevant Background**

3.      According to the Complaint, Plaintiffs are citizens of the Commonwealth of Pennsylvania, "living at 2249 Moselem Springs Road, Fleetwood, Pennsylvania 19522." (Compl. ¶ 1.)

4.      Defendant North American ATK Corporation is an entity organized and existing under the laws of the State of California, with a principal place of business in the State of Texas.

5.      Defendant LKQ Corporation is an entity organized and existing under the laws of the State of Delaware and has its principal place of business in the State of Illinois.

6.      Accordingly, there is complete diversity of citizenship among the parties to this lawsuit.

7.      Plaintiff, Michael Fenstermaker, allegedly incurred "severe disabling injuries" by lifting a box containing automotive cylinder heads, and his wife, Diane Fenstermaker, alleges loss of consortium as a result of her husband's injuries.

8.      Michael Fenstermaker's product liability causes of action against the Defendants contain *ad damnum* clauses in which damages in excess of $50,000.00 are demanded.

9.      Likewise, Diane Fenstermaker's loss of consortium claim, set forth in Count IV, also demands damages in excess of $50,000.00.

10.      Thus, the Plaintiffs in this case are demanding significant damages, not only as a result of Michael Fenstermaker's severe and disabling injuries, but also from his wife's loss of consortium.

**C.      Removal Based on Diversity of Citizenship**

11.      "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to

the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

12.     Under 28 U.S.C. § 1332, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different states." 28 U.S.C. § 1332(a)(1).

13.     For purposes of Sections 1332 and 1441, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." *Id.* § 1332(c)(1).

14.     In this case, the parties are citizens of different states: the Plaintiffs are Pennsylvania citizens, and the Defendants are citizens of California, Texas, Delaware, and Illinois.

15.     North American ATK Corporation is considered a citizen of both California and Texas, and LKQ Corporation is regarded as having citizenship in Delaware and Illinois.

16.     Additionally, the amount in controversy exceeds the sum or value of $75,000 because the Plaintiffs' *ad damnum* clauses request damages in excess of $50,000 and Mr. Fenstermaker's severe and disabling injuries, some of which are alleged to be permanent in nature.

17.     Even though Plaintiffs' Complaint does not specify a specific sum for damages, removal is, nevertheless proper based upon the nature of the alleged injuries and the demand for damages in excess of $50,000.  28 U.S.C. § 1446(c)(2)(A)(ii).

18.     The removal statute permits removal when "the initial pleading seeks . . . a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded." *Id.*

3

19.     Finally and to the extent necessary, each Defendant joins in the removal of this action.

20.     In closing, removal is proper in this case because the parties are of diverse citizenship and the amount in controversy exceeds the jurisdictional threshold.

WHEREFORE, Defendants, North American ATK Corporation and LKQ Corporation, remove this matter from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania and shall, promptly after the filing of this Notice of Removal, give written notice to all adverse parties and file a copy of said Notice with the State court.

Respectfully submitted,

Date:   January 14, 2013          By:    _____(jgl7049)_____

James G. Lare (201381)
MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2717 (telephone)
(215) 575-0856 (facsimile)
jglare@mdwcg.com

Attorney for Defendants,
North American ATK Corporation and
LKQ Corporation

4

James G. Lare, Esquire
Attorney ID No. 201381
MARSHALL, DENNEHEY, WARNER,          Attorneys for Defendants,
COLEMAN & GOGGIN                     North American ATK Corporation and
1845 Walnut Street, 18th Floor       LKQ Corporation
Philadelphia, PA 19103-4797
(215) 575-2600 (telephone)
(215) 575-0856 (facsimile)
jglare@mdwcg.com

---

MICHAEL FENSTERMAKER and          : COURT OF COMMON PLEAS
DIANE FENSTERMAKER (h/w)           : PHILADELPHIA COUNTY
                                   :
                  Plaintiffs       :
                                   : DECEMBER TERM, 2012
           v.                      :
                                   :
NORTH AMERICAN ATK CORPORATION, and : NO.   01084
LKQ CORPORATION                    :
                                   :
                  Defendants       :
                                   :

---

**NOTICE TO THE PROTHONOTARY OF PHILADELPHIA COUNTY, PENNSYLVANIA**

TO:    THE PROTHONOTARY OF THE COURT OF
       COMMON PLEAS OF PHILADELPHIA COUNTY

       Pursuant to 28 U.S.C. § 1446(a), Defendant, North American ATK Corporation and LKQ

Corporation, files herewith a copy of the Notice of Removal filed in the United States District Court

for the Eastern District of Pennsylvania on this date.

                                        Respectfully submitted,


Date:   January 14, 2013        By:    _____
                                       James G. Lare (201381)
                                       MARSHALL DENNEHEY WARNER
                                       COLEMAN & GOGGIN
                                       2000 Market Street, Suite 2300
                                       Philadelphia, PA 19103

(215) 575-2717 (telephone)
(215) 575-0856 (facsimile)
jglare@mdwcg.com

Attorney for Defendants,
North American ATK Corporation and
LKQ Corporation

## <u>CERTIFICATE OF SERVICE</u>

I, James G. Lare, hereby certify that I served a copy of the foregoing ***Notice of Removal***

upon the following attorney in the manner set forth below:

> Peter M. Patton, Esquire
> Galfand Berger, LLP
> 1835 Market Street, Suite 2710
> Philadelphia, PA 19103
> (Attorney for Plaintiffs)
> *via facsimile and regular mail.*

Date: January 14, 2013 _____ (jgl7049) _____

James G. Lare

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| | **DECEMBER 2012**   **001084** |
| | E-Filing Number: 1212013509 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MICHAEL FENSTERMAKER | NORTH AMERICAN ATK CORPORATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2249 MOSELEM SPRINGS ROAD<br>FLEETWOOD PA 19522 | 1102 WEST N CARRIER PARKWAY SUITE 100<br>GRAND PRARIE TX 75050 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| DIANE FENSTERMAKER | LKQ CORPORATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2249 MOSELEM SPRINGS ROAD<br>FLEETWOOD PA 19522 | 500 WEST MADISON STREET SUITE 2800<br>CHICAGO IL 60661 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**

2P - PRODUCT LIABILITY

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br>DEC 10 2012<br>**S. GARRETT** | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES        NO |
|---|---|---|

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MICHAEL FENSTERMAKER , DIANE FENSTERMAKER

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| PETER PATTON | 1835 MARKET ST.<br>SUITE 2710<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215) 665-1600 | (215) 564-2262 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 48847 | ppatton@galfandberger.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| PETER PATTON | Monday, December 10, 2012, 01:37 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

NOTICE TO PLEAD

TO: All Defendants

You are hereby notified to file a written response to the
enclosed Complaint within twenty (20) days of ____ date of
servblack ice and un-shoveled she _____ and a may
be entered against you.

Attorney for Plaintiffs

GALFAND BERGER. L.L.P.
BY: PETER M. PATTON, ESQUIRE
I.D. # 48847
1835 Market Street, Suite 2710
Philadelphia, Pennsylvania 19103
(215) 665-1600

THIS IS NOT AN ARBITRATION CASE
AN ASSESSMENT OF DAMAGES HEARING
IS REQUIRED

Attorney for Plaintiff

MICHAEL FENSTERMAKER and DIANE
FENSTERMAKER, h/w
2249 Moselem Springs Road
Fleetwood, Pennsylvania  19522

-vs-

NORTH AMERICAN ATK CORPORATION
1102 West North Carrier Parkway, Suite 100
Grand Prarie, Texas  75050
-and-
LKQ CORPORATION
500 West Madison Street
Suite 2800
Chicago, Illinois   60661

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

TRIAL DIVISION

TERM, 2012

NO.

**JURY TRIAL DEMANDED**

## COMPLAINT – CIVIL ACTION

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within
twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in
writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case
may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the
Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER GO TO OR
TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING
A LAWYER. THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER
LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

## AVISO

Le han demandado en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de
plazo de la demanda y notificacion para asentar una comparescencia escrita o por su abogado y archivar con la corte en forma escrita
sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte puede continuar la
demanda en contra suya y puede entrar una decision contra usted sin aviso o notificacion adicional por la cantidad de dinero de la demanda o por
cualquier reclamacion hecha por el demandante. Usted puede perder dinero o propiedad u ostros derechos importantes para usted.

Case ID: 121201084

USTED DEBE DE LLEVAR ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE PARA PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**Lawyer Referral Information Services, One Reading Center, Philadelphia, Pennsylvania  19107  (215) 238-1701**

Case ID: 121201084

## COMPLAINT- CIVIL ACTION

1.    Plaintiffs, MICHAEL FENSTERMAKER and DIANE FENSTERMAKER are husband and wife and are adults living at 2249 Moselem Springs Road, Fleetwood, Pennsylvania 19522.

2.    Defendant, NORTH AMERICAN ATK CORPORATION ("ATK") is a corporation that regularly does business in Philadelphia County, Pennsylvania with a place of business located at 1102 West North Carrier Parkway, Suite 100, Grand Prairie, Texas 75050.

3.    Defendant LKQ Corporation ("LKQ") is a business with a place of business located at 500 West Madison Street, Suite 2800, Chicago, Illinois  60661 and regularly does business in Philadelphia County.

4.    All events herein occurred on or about April 20, 2011.

5.    At a date prior to April 20, 2011, Defendants ATK and LKQ were each in the business of designing, manufacturing, selling, packaging, shipping and distributing motor vehicle parts and designed, manufactured, marketed, advertised, sold, packaged, shipped and introduced into the stream of commerce certain V48880 cylinder head(s) packaged in a box to enable users to handle, transport, move and deliver said product ("subject cylinder head(s) in box").

6.    At some time prior to April 20, 2011, Defendants ATK and LKQ designed, manufactured, sold and supplied the subject cylinder head(s) in box to Plaintiff's employer, Advance Auto Parts, 9755 Commerce Circle, Kutztown, Pennsylvania 19522.

7.    At a time prior to April 20, 2011, Defendants designed, manufactured, packaged, sold and shipped said cylinder head(s) in box with the expectation that users would have to transport, move and handle said cylinder head(s) in a box.

8.    On April 20, 2011, Plaintiff Michael Fenstermaker was employed by Advance Auto Parts as a warehouse worker, a job in which he lifted and handled boxes.

9.    On April 20, 2011, Plaintiff, during the course and scope of his employment with Advance Auto Parts, was handling subject cylinder head(s) in box when due to the negligence and wrong doing of Defendant(s) and the defective and unsafe design and condition of the subject cylinder head(s) in box, Plaintiff was severely injured while lifting the subject cylinder head(s) in box, causing him to suffer severe injuries, the full extent of which is described more fully below.

10.    After the incident, the subject cylinder head(s) in box was found to be grossly overweight and hazardous, weighing some 147 pounds.

11.    At all times material hereto, the subject cylinder head(s) in box, as designed, manufactured, sold, supplied by Defendant(s) was being used in the manner for which it was designed, manufactured, sold, and supplied.

3

12.   At all times mentioned herein, Plaintiff Michael Fenstermaker was acting with due care.

13.   All of the acts done or not done, by Defendants were done or not done by said Defendants, their agents, servants, workers, and/or employees, acting in the course and scope of their employment with and on behalf of said Defendants.

14.   As a direct and proximate result of the carelessness and wrongdoing of Defendants and the unreasonably dangerous and defective condition of the said cylinder head(s) in box, as set forth herein, Plaintiff Michael Fenstermaker suffered severe disabling injuries to his skin, bones, muscles, flesh, nerves, tendons and other tissues, including, but not limited to bulging disc at L2-3; disc injury at L3-4; disc injury at L4-5; disc herniation at L5-S1, thereby causing him to undergo extensive medical care and treatment and great physical pain, some or all of which are permanent in nature.

15.   As a direct and proximate result of the carelessness, negligence and wrongdoing of Defendants and the defective condition of the said cylinder head(s) in box, as set forth herein, Plaintiff Michael Fenstermaker has in the past and will in the future continue to suffer from the above conditions as well as scarring, deformity, pain, humiliation, embarrassment, disfigurement, loss of well being, severe restrictions on his ability to engage in normal activities and inability to pursue and enjoy the normal ordinary features of life.

16.   As a direct and proximate result of the carelessness, negligence and wrongdoing of the Defendants and the defective condition of the said cylinder head(s) in box, as set forth herein, Plaintiff Michael Fenstermaker has required and will in the future continue to require medical care, rehabilitative care, and other medical care and treatment and has incurred and will incur substantial expenses for such care and treatment.

17.   As a direct and proximate result of the carelessness, negligence and wrongdoing of the Defendants and the defective condition of the said cylinder head(s) in box, as set forth herein, Plaintiff Michael Fenstermaker has been in the past, and will be in the future, prevented from performing his usual duties, avocations and occupations and has suffered a loss of earnings and earning capacity.

## COUNT I
## MICHAEL FENSTERMAKER vs.
## NORTH AMERICAN ATK CORPORATION AND LKQ CORPORATION

18.   Plaintiff incorporates Paragraphs 1 through 17 as though fully set forth at length herein.

19.   At all times hereto, Defendants, having undertaken to design and manufacture and sell the said cylinder head(s) in box, knew or through the exercise of reasonable care, should have known that said cylinder head(s) in box was unsafe for its intended or reasonably

4

foreseeable uses and that such defect(s) would subject users to serious injuries in the said cylinder head(s) in box's intended and reasonably foreseeable uses.

20.   The aforesaid injuries to Plaintiff Michael Fenstermaker were directly caused by Defendants' negligence and disregard for the safety of others, both generally and in the following particular respects:

a.   Failure to design, manufacture, sell, package and ship the aforementioned cylinder head(s) in box with due care;

b.   Failure to incorporate on the aforementioned cylinder head(s) in box proper and adequate safety features for the product's foreseeable, intended and anticipated uses, one of which included handling;

c.   Failure to provide proper and adequate handling devices in the box that was part and parcel of the cylinder head(s) in box as manufactured, shipped, distributed and sold so as to create no unnecessary risk of injury to intended handlers, movers and users of said cylinder head(s) in box;

d.   Failure to properly and adequately test and inspect the aforementioned cylinder head(s) in box to determine whether it could be used, handled, transported, moved and carried without causing injuries to its users, handlers and transporters;

e.   Failure to warn or adequately warn of the dangers in the use, handling, movement, carrying and transporting of the aforementioned cylinder head(s) in box;

f.   Failure to minimize to the fullest extent possible the foreseeable hazards, dangers and risks of injury associated with the cylinder head(s) in box in its foreseeable and intended uses, one of which included handling, carrying and moving the subject cylinder head(s) in box;

g.   Failure to provide every element necessary to make the subject cylinder head(s) in box safe for its reasonable and foreseeable and intended uses, which included transporting, carrying and moving said cylinder head(s) in box;

h.   Failure to properly equip the subject cylinder head(s) in box with appropriate safety devices and equipment that would enable the cylinder head(s) in box to be handled, carried, moved and maneuvered so as not to create an unnecessary danger or risk of injury;

i.   Failure to provide proper and adequate instructions, directions and warnings regarding the handling, movement, maneuvering and transporting of the aforementioned cylinder head(s) in box;

j.   Failure to provide sufficient and adequate straps and/or handles and/or safety devices on the cylinder head(s) in box; and

k.   Grossly overloading the box in which the subject cylinder head(s) were boxed;

l.   Supplying a product without needed warnings of the hazard(s);

m.   Supplying a product with inadequate warnings of the hazard(s);

n.   Supplying the subject cylinder head(s) in box in such a way as to violate Restatement (Second) of Torts Section 388;

o.   Manufacturing and packaging the cylinder head(s) in box with inadequate quality control(s); and

p.   Failing to properly and adequately test and/or inspect the product; and

q.   Being negligent at law.

**WHEREFORE**, Plaintiff demands judgment against Defendants NORTH AMERICAN ATK CORPORATION and LKQ CORPORATION, together with interest, costs and other such relief as this Court deems just.

## COUNT II
## MICHAEL FENSTERMAKER vs.
## NORTH AMERICAN ATK CORPORATION AND LKQ CORPORATION
## PRODUCTS LIABILITY

21.   Plaintiff incorporates by reference all allegations in Paragraph 1 through 20 of this Complaint, as fully set forth herein.

22.   At all material times hereto, Defendants were engaged in the business of designing, manufacturing, assembling, marketing, promoting and selling, and/or otherwise introducing into the stream of commerce cylinder head(s) in box including the cylinder head(s) in box involved in the aforesaid incident.

23.   At all materials times hereto, there had been no substantial changes in the condition of the cylinder head(s) in box, from the time the cylinder head(s) in box was sold to the time of the incident.

24.   Defendants supplied cylinder head(s) in box in a defective and/or unreasonably dangerous condition in light of the defect, set forth above, in that the cylinder head(s) in box had elements which made it unsafe for use and was without elements required to make it safe for use, for which the Defendants are strictly liable.

Case ID: 121201084

25.   The defective condition of the subject cylinder head(s) in box directly caused Plaintiff's injuries.

WHEREFORE, Plaintiff Michael Fenstermacher claims of Defendants NORTH AMERICAN ATK CORPORATION and LKQ CORPORATION a sum in excess of Fifty Thousand ($50,000.00) Dollars, together with lawful interest and costs.

COUNT III

**MICHAEL FENSTERMAKER vs.**

**NORTH AMERICAN ATK CORPORATION AND LKQ CORPORATION**

**BREACH OF WARRANTIES**

26.   Plaintiffs incorporate paragraphs 1 through 25 as though they were set forth at length herein.

27.   In designing, manufacturing, assembling, marketing, promoting, selling and/or otherwise introducing into the stream of commerce the cylinder head(s) in box, Defendants expressly and/or impliedly warranted that the cylinder head(s) in box was merchantable, fit and safe for the ordinary and particular purposes for which it was supplied, and that it was free from defects.

28.   Defendants, and each of them, breached their express and implied warranties in that the cylinder head(s) in box was not merchantable, was not fit and safe for the ordinary and particular purposes for which it was supplied, and was defective, and these breaches directly caused Plaintiff's injuries.

29.   The express warranties of Defendants are not accessible to Plaintiff, in that Defendants sold the cylinder head(s) in box not to Plaintiff-Husband but to his employer.

30.   Based on information and belief, the express warranties of Defendants were, in substance, that the cylinder head(s) in box was safe for its reasonably foreseeable uses.

WHEREFORE, Plaintiff Michael Fenstermaker claims of Defendants, NORTH AMERICAN ATK CORPORATION and LKQ CORPORATION a sum in excess of Fifty Thousand ($50,000.00) Dollars, together with lawful interest and costs.

COUNT IV

**DIANE FENSTERMAKER vs.**

**NORTH AMERICAN ATK CORPORATION AND LKQ CORPORATION**

**LOSS OF CONSORTIUM**

31.   Plaintiff incorporates by reference Paragraphs 1 through 30 as though the same were set forth fully at length herein.

7

32.   As a direct and proximate result of the aforesaid negligence of Defendants, Plaintiff, Diane Fenstermaker sustained the following injuries and damages:

a.   Loss of services, society and conjugal fellowship of Plaintiff-Husband, Michael Fenstermaker.

WHEREFORE, Diane Fenstermaker demands judgment against any and all Defendants together with lawful interest and costs of suit.

GALFAND BERGER, LLP

BY: _____
PETER M. PATTON, ESQUIRE
Attorney for Plaintiffs

Dated: 2012 - 12 - 10

8

Case ID: 121201084

<u>**VERIFICATION**</u>

The undersigned, having read the attached pleading, verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of the signer. Signer verifies that he has read the within pleading and that it is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the pleading are that of counsel, verifier has relied upon counsel in taking this verification. This verification is made subject to the penalties of 18 Pa.R.C.P. Section 4904 related to unsworn falsification to authorities.


**MICHAEL FENSTERMAKER**


**DIANE FENSTERMAKER**


Case ID: 121201084